# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DONALD L. RENE,

     Plaintiff,

v.

FULTON COUNTY SCHOOL
DISTRICT d/b/a FULTON COUNTY
PUBLIC SCHOOLS,

     Defendant.

CIVIL ACTION FILE NO:

1:19-CV-04721-WMR

## <u>ORDER</u>

This is an action brought by Plaintiff Donald Rene against Defendant Fulton County School District, alleging violations of the Fair Labor Standards Act ("FLSA"). The case is presently before the Court on Defendant's Motion for Summary Judgment. [Doc. 31]. Defendant argues in its Motion that it did not violate Plaintiff's rights under the FLSA, because Defendant in fact paid Plaintiff a fixed salary and compensated Plaintiff for overtime hours worked pursuant to a fluctuating work week model. [Doc. 31-1 at 2]. Plaintiff, however, did not respond to Defendant's Motion. After considering the Motion and the record, this Court hereby **GRANTS** the Motion for Summary Judgment.

## I.     BACKGROUND

At all times relevant to this action, Plaintiff was employed by Defendant as a "school resources officer." [Doc. 1 at 3; Doc. 31-2 at 1]. These officers are certified by the Georgia Peace Officer Standards and Training Council and, "for all intents and purposes, perform the daily duties and responsibilities of typical police officers." [Doc. 31-2 at 2, ¶ 3]. It is undisputed that Plaintiff and the other school resources officers were characterized by Defendant under the FLSA as non-exempt "employee[s]." [Doc. 31-2 at 2, ¶ 5]. Thus, Defendant was bound to comply with the overtime provisions set forth in § 207 of the FLSA. [Doc. 1 at 4, ¶ 15].

Prior to 2009, Plaintiff was compensated on a salary basis but also received a flat amount for each hour he worked over forty hours in a week. [Doc. 1 at 4, ¶¶ 17-18]. The amount received was based on a rate of one-and-a-half times Plaintiff's standard hourly rate. [Doc. 31-2 at 2, ¶ 8]. Then, in the beginning of the 2009-2010 school year, Defendant changed its compensation model and adopted the fluctuating work week method, under which the officers "worked varying hours and received a fixed annual salary," in addition to "$40.00 per hour for all hours worked above forty in any work week." [*Id.* at ¶¶ 11-12]. Since then, Plaintiff has been paid according to that model. Defendant has also made Plaintiff aware of the method of compensation through a memorandum of understanding and by providing Plaintiff with detailed paystubs. [Doc. 31-2 at 4-5, ¶¶ 22, 25].

## II.   PROCEDURAL HISTORY

In his Complaint, Plaintiff alleges that he was required to "regularly work in excess of forty hours per week." [Doc. 1 at 4, ¶ 19]. He contends, however, that he was not adequately compensated for that time at a rate not less than one and one-half times his regular pay rate. [*Id.*]. In its answer, Defendant claims that it appropriately used a "fluctuating work week method for computing Plaintiff's overtime compensation." [Doc. 7 at 3]. Defendant alleges that this method was implemented specifically "to ensure compliance with the wage-and-hour requirements of the FLSA." [Doc. 31-2 at 3, ¶ 10].

Defendant then filed the present Motion for Summary Judgment and supporting memorandum of law, asserting that it properly paid Plaintiff under the FLSA pursuant to the fluctuating work week method. [Doc. 31; Doc. 31-1 at 2]. Plaintiff, who at this point was proceeding *pro se,*[1] did not file a response to the Motion, nor did he respond when this Court sent a notice requesting Plaintiff's reply. [Doc. 33].

## III.   LEGAL STANDARD

Summary judgment is proper when the record evidence presents no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant carries its burden by showing "an absence of evidence

---

[1] Plaintiff's previous attorneys moved to withdraw as counsel of record and were permitted to do so by this Court. Plaintiff did not retain new counsel.

to support the nonmoving party's case." *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant's burden is satisfied, the nonmoving party must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In particular, the nonmovant must present competent evidence identifying "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

In considering the motion for summary judgment, this Court views all evidence and factual inferences in the light most favorable to the nonmoving party to determine "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). But "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-48. Rather, the nonmovant must identify a "*genuine* issue of *material* fact." *Id.* at 248 (emphasis in original).

## IV.   DISCUSSION

Generally, the FLSA requires employers to pay each non-exempt employee for "overtime"—hours worked above forty in any given week—at a rate of one-and-one-half times that employee's "regular rate." 29 U.S.C. § 207(a)(1). But the FLSA's implementing regulations also permit employers to use an alternate compensation

method: the fluctuating work week model. *See* 29 C.F.R. § 778.114. That method allows an employer to pay employees whose hours fluctuate each week a fixed amount per week as straight-time pay, regardless of how few or many hours the employee worked. *Davis v. Friendly Exp., Inc.*, No. 02-14111, 2003 WL 21488682, at *1 (11th Cir. Feb. 6, 2003). "Payment for overtime hours under this method is at one-half time regular-rate instead of the standard one-and one-half-time rate because the straight-time rate already includes compensation for all hours worked." *Id.*

To lawfully implement the fluctuating work week model, an employer must meet five requirements set forth under the FLSA:

1. The employee's hours must fluctuate from week to week;

2. The employee must receive a fixed weekly salary, regardless of the number of hours worked each week;

3. The fixed amount must be enough to compensate the employee at a regular rate equal to or greater than the legal minimum wage;

4. The employer and employee must have a "clear mutual understanding" that the employee's salary is compensation for whatever hours he or she is required to work; and

5. Aside from the straight-time salary, the employee is paid for all overtime hours at a rate at least one-half of the regular pay rate.

29 C.F.R. § 778.114(a).

An employee asserting a violation of his rights under the FLSA bears the burden of proving that the employer improperly implemented the fluctuating work week method. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1311 (11th Cir. 2013). Because this Court finds that Defendant properly implemented the fluctuating work week model in accordance with the FLSA's requirements, summary judgment is appropriate, and Defendant is entitled to judgment as a matter of law.

### A. Fluctuating Hours

Defendant's school resources officers do not work a set schedule but rather have working hours that vary from week to week. [Doc. 31-2 at 2, ¶ 6]. Sometimes, Plaintiff worked more than forty hours in a work week, sometimes less. [*Id.* at ¶ 7]. Thus, because Plaintiff has not contested this or established that he worked anything other than fluctuating hours, the first requirement of the test is satisfied.

### B. Payment of a Standard Salary

Even though Plaintiff worked variable hours, during the three-year period before the lawsuit was filed, Defendant paid him a set salary each pay period. [Doc. 31-2 at 3, ¶ 11]. Plaintiff's standard salary remained constant no matter how many hours Plaintiff worked in a week. His salary only changed when Defendant raised his gross annual salary in August 2017, August 2018, and July 2019. Defendant's

method of compensating Plaintiff thus demonstrates that Plaintiff received a standard salary, thereby satisfying part two of the test.

### C. Satisfaction of the Federal Minimum Wage

Plaintiff's regular salary always exceeded the federal minimum wage of $7.25 per hour during every pay period of his employment. [Doc. 31-2 at 3-4, ¶¶ 16-20]. Plaintiff's lowest weekly salary was $1,278.58, which he received from October 2016 through July 2017, yet the hourly rate still exceeded the federal minimum wage. [Doc. 31-2 at 3, ¶ 16]. This rate of pay meets the third element under 29 C.F.R. § 778.114(a).

### D. Clear, Mutual Understanding

The FLSA's regulations also require a "clear mutual understanding" between an employer and employee that the employee will receive a fixed salary as straight-time pay for whatever hours the employee works in a week, regardless of the actual number of hours worked. 29 C.F.R. § 778.114(a). However, "[a]n employee does not have to understand every contour of how the fluctuating work week method is used to calculate salary, so long as the employee understands that his base salary is fixed regardless of the hours worked." *Garcia v. Yachting Promotions, Inc.*, 662 F. App'x 795, 798 (11th Cir. 2016). Further, the FLSA does not require that the employees consent to the fluctuating work week method; they must simply

understand its basic mechanics. *Griffin v. Wake Cty.*, 142 F.3d 712, 716 (4th Cir. 1998).

This "clear mutual understanding" may be achieved in several ways, one of which is efforts by employers to educate their employees about the method of compensation. *Garcia*, 662 F. App'x at 797. For example, in *Garcia*, the employer reached a clear understanding with its employees by providing each employee a memorandum detailing the fluctuating work week compensation model. *Id*. at 796. The Eleventh Circuit found that the memorandum and the plaintiff's recognition that he received a set salary each week, despite his varying hours, established that the plaintiff understood that his employer paid him using the fluctuating work week method. *Id.* at 797-98. Similarly, in *Davis v. Friendly Exp., Inc.*, No. 02-14111, 2003 WL 21488682, at *2 (11th Cir. Feb. 6, 2003), the employer and employee had a clear mutual understanding when the employer issued a memorandum that explained the details of its fluctuating work week payment model and the plaintiff's paystubs also reflected a base amount of pay that remained constant even though the plaintiff's hours varied. *Id.*

The facts here support the same conclusion reached by the Eleventh Circuit in *Garcia* and *Davis*: Defendant and Plaintiff had a "clear mutual understanding" that Defendant would pay him using the fluctuating work week method. First, each year from 2009 to September 2019, Plaintiff received a memorandum stating that his

work hours that year could fluctuate, that he would receive a fixed salary to compensate him for all hours worked each week, and that Defendant would compensate him for any hours worked above forty in a week at a rate of either $40.00 per hour or one half his base rate of pay. [Doc. 31-2 at 4-5, ¶¶ 22-23]. Plaintiff repeatedly expressed his assent to this method of compensation by signing the memorandum in 2009, 2011, 2012, 2013, 2014, 2015, 2016, and 2017. [*Id.* at ¶ 24]. The language in Defendant's memorandum mirrors the memoranda in *Garcia* and *Davis* and closely tracks the requirements under 29 C.F.R. § 778.114(a).

Additionally, Plaintiff received a paystub twice a month that educated him about how he was paid. His paystubs showed the amount of fixed "Regular Salary" he received each two-week pay period, an "SRO Stipend" of $40.00 per hour for overtime work, and the number of hours paid at that $40.00-per-hour rate. [*Id.* at ¶¶ 17, 27]. Those paystubs served as continuous reminders of the structure under which Defendant paid Plaintiff during each pay period. *See Griffin*, 142 F.3d at 716-17 (recognizing that the plaintiffs "received a regular lesson – in the form of their paychecks – about how the fluctuating work week plan operates."). The memoranda and the paystubs together thus establish that Plaintiff had a clear understanding about Defendant's method of compensation.

**E. Overtime Compensation is At Least One-half of Regular Pay Rate**

The last requirement under the test is that an employee's overtime rate of pay must be at least one-half the employee's regular rate of weekly pay. Defendant satisfied this requirement by paying Plaintiff $40.00 per hour for all overtime work. [*Id.* at ¶ 12]. Plaintiff's minimum weekly salary in the three years preceding this lawsuit was $1,278.58. [*Id.* at ¶ 20]. If Plaintiff worked 40.1 hours in a week—the lowest amount of time he could have worked and still received overtime compensation—one-half of his hourly rate of pay would have been $15.94. Consequently, given the amount of Plaintiff's weekly salary, $40.00 was always greater than one-half of his rate of pay. Defendant therefore complied with the rate-of-pay requirements under 29 C.F.R. § 778.114(a).

## V.   CONCLUSION

For the above reasons, this Court finds that there is no genuine dispute of material fact and hereby **GRANTS** the Motion for Summary Judgment, entitling Defendant to judgment as a matter of law.

**IT IS SO ORDERED** this 2nd day of November, 2020.

_____          ____

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA